BRAXTON *v.* MAXWELL, WARDEN.

[Cite as Braxton v. Maxwell, Warden, 1 Ohio St. 2d 134.]

(No. 39210—Decided March 10, 1965.)

*Mr. Charles Braxton, Jr., in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner first challenges the indictment on which he was convicted. It consists of three counts, each count on a separate page, the pages fastened together, with the conclusion and signature of the foreman of the grand jury on the last page. Petitioner contends that this indictment charges only one count of rape inasmuch as the Code section number and the designation of the crime as rape appears on only one page of the indictment, and that the counts are not numbered.

Each count contains all the elements of and fully describes the offense of rape under Section 2905.02, Revised Code, and each count relates to a single girl and a separate act. The indictment is clearly valid and properly charges three separate counts of rape. Failure to include the Code section number does not affect the validity of the indictment. *Norton* v. *Green, Supt.,* 173 Ohio St. 531. Separate counts of an indictment may be placed on separate pages. 42 Corpus Juris Secundum, 894, Indictments and Informations, Section 35. The failure to number different counts in an indictment does not affect the validity of the indictment. *Lee* v. *State,* 81 Ga. App. 829, 60 S. E. 2d 177; *Wilson* v. *State,* 31 Ala. App. 232, 14 So. 2d 382; and *Wright* v. *State,* 53 Ga. App. 371, 186 S. E. 149.

Petitioner contends also that he was denied due process because he was not tried separately on each count of the indictment. It is a matter within the discretion of the trial court as to whether an accused shall be tried separately on the different counts of an indictment. Section 2941.04, Revised Code.

If the court abused its discretion such matter is cognizable only on appeal, not in habeas corpus.

Next, petitioner argues that the certified copy of his sentence is void because it does not fully describe the crime for which he was convicted. The certified copy sets forth the Code section number under which he was convicted. This is sufficient.

Finally, petitioner contends that his conviction was void because he did not have counsel at the time he was arrested. He makes no contention that he made any statements or pleas during that time. Counsel was appointed to represent him. Petitioner's contention in this respect is not well taken.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.