Marvin **FANNIN**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1965.

RCr 11.42. The substance of the contentions made by appellant on this appeal is that he was improperly denied a continuance and he has newly discovered evidence. He contends now, that since the trial and judgment, he has discovered that there was a "relationship" between his wife and the deceased person. It is shown in the record that the person supplying this claimed newly discovered evidence was a surety on appellant's appearance bond and related to appellant.

The trial court found against appellant on disputed questions of fact, which is one legal reason for denying appellant relief on his appeal.

Yet, another, and perhaps better, reason we dismiss this appeal is the well-established rule that unless the irregularities would render the judgment void this Court will not inquire into proceedings under RCr 11.42 wherein the movant had a remedy by appeal, which he did not pursue.

In Tipton v. Commonwealth, Ky., 376 S.W.2d 290 (1964), this Court said:

"RCr 11.42 does not authorize relief from a judgment of conviction for mere errors of the trial court. In order for the rule to be invoked there must be a violation of a constitutional right, a lack of jurisdiction, or such violation of a statute as to make the judgment void and therefore subject to collateral attack. * * *"

This Court also said in Perkins v. Commonwealth, Ky., 382 S.W.2d 393 (1964), that newly discovered evidence is not a ground for relief under RCr 11.42. Furthermore, this evidence was cumulative. In Chambers v. Commonwealth, Ky., 264 S.W.2d 61 (1953), it was held merely cumulative evidence does not warrant a new trial on the ground of newly discovered evidence. See also Collier v. Commonwealth, Ky., 387 S.W.2d 858 (1965); King v. Commonwealth, Ky., 387 S.W.2d 582 (1965). See also Fay v. Noia, 372 U.S. 391, 83 S.

William H. McCann, John Y. Brown, Lexington, Harvey Parker, Jr., E. V. Holder, Jr., Vanceburg, for appellant.

Robert Matthews, Atty. Gen., Joyce Ferris Nedde, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This is an appeal from an order overruling appellant's motion to vacate a judgment under RCr 11.42.

Appellant was convicted and given a life sentence on March 6, 1964, under an indictment rendered February 10, 1964, on a charge of a willful murder committed on December 14, 1963. After the verdict of guilty was rendered, appellant, in the presence of his attorneys, entered a plea of guilty to a charge of malicious shooting and wounding of his wife with intent to kill and was given a 15 year sentence. The judgment provided the two terms run concurrently.

On November 11, 1964, appellant filed motion to vacate these judgments under

Ct. 822, 9 L.Ed.2d 837 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461 (1938); Kinmon v. Commonwealth, Ky., 383 S.W.2d 338 (1964); and Braxton v. Maxwell, 1 Ohio St.2d 134, 205 N.E.2d 397 (1965); Walker v. Maxwell, 1 Ohio St.2d 136, 205 N.E.2d 394 (1965).

Appellant also contends his second conviction should be set aside. We find no supporting ground either in the motion or in the evidence to justify such relief. This Court said in Lawson v. Commonwealth, Ky., 386 S.W.2d 734 (1965):

> "Appellant does not assert that counsel badgered him into entering a guilty plea, nor does he claim that he failed to understand the consequences of his guilty plea. Under these circumstances, the record shows on its face that no basis has been laid upon which to support the claim of inadequate counsel."

We find no merit in appellant's contention he was entitled to a continuance.

Judgment is hence affirmed.