[Cite as *State v. Mahr*, 2018-Ohio-3443.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-147** |
| FREDRICK MAHR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Painesville Municipal Court, Case No. 2016 CR 01983.

Judgment: Appeal dismissed.

*Ron M. Graham*, 8039 Broadmoor Road, Suite 21, Mentor, OH 44060 (For Plaintiff-Appellee).

*Michael C. Lucas*, Wiles and Richards, 37265 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Appellant, Fredrick Mahr, appeals from the trial court's Judgment Entry, sentencing him for violations of the Leroy Township Zoning Regulations.

{¶2} On August 25, 2016, an "Affidavit, on Complaint" was filed in the Painesville Municipal Court, signed by the Leroy Township Zoning Inspector, which alleged three violations of the Leroy Township Zoning Regulations: "Violation 1: Junk Vehicles" in violation of Section 9.12; "Violation 2, Junk Refuse, Scrap Metal and Junk for Storage" in violation of Section 9.10; and "Violation 3: Outdoor Storage of More

th[a]n 5 Vehicles," in violation of Section 16.04.4.

{¶3} A December 12, 2016 Judgment Entry, a form entry, stated that Mahr entered a plea of no contest "to charges of" and listed three violations: "Maint Viol MM," "Maint Viol MM," and "Storage of Veh MM." One "Maint Viol" and the "Storage of Veh" were circled (indicating a plea to these offenses), while the remaining "Maint Viol" was crossed out. No description or numbers of the Sections violated were included. While the court's online docket indicates dismissal of one maintenance violation, a review of Mahr's brief seemed to indicate his belief that he was convicted of all three violations. As to the sentence, the court ordered a fine of $200 per day with "all fines suspended if in compliance by 6-15-17."

{¶4} Subsequently, additional proceedings were conducted to determine compliance. An additional, handwritten notation was added to the bottom of the December 12, 2016 Entry and reads: "10/2/17: Imposition of sentence - $150/day f/n until compliance," followed by what appears to be the judge's initials or signature. A copy of the Entry was made and docketed under a separate docket number, but no new time stamp was included on that portion of the entry or the newly docketed copy.

{¶5} For the following reasons, this court lacks jurisdiction to consider the present appeal.

{¶6} "The Ohio Constitution grants courts of appeals jurisdiction 'to review and affirm, modify, or reverse judgments or final orders.'" *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8, quoting Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2953.02 (a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order"); R.C. 2505.02.

2

{¶7} In a criminal case, to constitute a final, appealable order under R.C. 2505.02, a judgment of conviction and sentence must satisfy the substantive provisions of Crim.R. 32(C) and include: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶8} Here, the court's entry is missing multiple elements necessary for a final order. First, the fact of conviction is not properly documented in the court's December 12, 2016 Entry. The entry "must either fully describe the crime for which the accused was convicted or set forth the Revised Code section number under which he was convicted." *Cleveland v. U.S. Bank*, *N.A.*, 72 N.E.3d 1123, 2016-Ohio-7402, ¶ 10 (8th Dist.), citing *State v. Tanner*, 10th Dist. Franklin Nos. 91AP-263 and 91AP-651, 1991 WL 281410, *9 (Dec. 31, 1991), citing *Braxton v. Maxwell*, 1 Ohio St.2d 134, 136, 205 N.E.2d 397 (1965).

{¶9} Here, the Entry lists two maintenance offenses in the same wording, with only one circled, although the Complaint charged these as violations of two separate sections of the Zoning Regulations. Thus, it is not evident for which conduct and crime Mahr was convicted. This has been held inadequate to create a final judgment in similar circumstances, where a judgment of conviction provided only a generic listing of a "building code violation" when the defendant was charged with multiple code violations under various sections, since the "fact of conviction" was not stated consistent with Crim.R. 32(C). *U.S. Bank* at ¶ 11-12.

{¶10} Further, while one count is crossed out on the entry of conviction, we

3

question whether this adequately disposed of that charge. Where a charge that does not terminate in a conviction is not disposed of upon conviction of other offenses and has not otherwise "been terminated by a journal entry," this is considered a "hanging charge" which "prevent[s] the conviction from being a final order under R.C. 2505.02(B)." *State v. Mullens*, 4th Dist. Lawrence No. 17CA7, 2018-Ohio-1594, ¶ 11. The lack of clarity is evident since, as noted above, it appears from his brief that Mahr believes he was convicted of all three violations stated in the Complaint. The foregoing concerns are especially problematic given that the court has ordered a continuing financial sanction for being out of compliance with the Zoning Regulations while it is not even clear from the court's Entry which sections Mahr was found to be violating.

{¶11} We also note that it is unclear how many counts for which Mahr was convicted. He contends that he was ordered to pay an ongoing fee for multiple violations, improperly, when he intended to enter a no contest plea to only three distinct offenses. The Judgment Entry does not indicate the dates for the violation or the number of counts for which he was convicted, although it fines him indefinitely for lack of compliance. This is a concern in the present matter, where the Leroy Zoning Regulations provide that "[e]ach and every day during which such illegal * * * use continues may be deemed a separate offense," language which was included in the Complaint. Section 5.2. Given all of the foregoing, we find a lack of a final order on the grounds of failure to state the fact of conviction. *See Cleveland v. Robshir Properties, L.L.C.*, 8th Dist. Cuyahoga No. 104340*,* 2016-Ohio-191, ¶ 19 (a final order did not exist when the standardized judgment entry listed the generic building code violation without listing the specific code section, "did not specify the dates of violations, the number of

4

counts [the defendant] was convicted of, and imposed a $500 fine without specifying whether the fine was for one count or for [multiple] counts").

{¶12} Finally, while there was a time stamp indicating entry of the Judgment Entry with the conviction and conditional sentence on December 12, 2016, the final imposition of sentence, ordered on October 2, 2017 at the bottom of the preexisting Entry, was not time stamped as required under *Lester*.

{¶13} Given the trial court's failure to issue a final order, this court is without jurisdiction to hear the present appeal. Accordingly, the appeal is hereby, sua sponte, dismissed for lack of a final appealable order.


THOMAS R. WRIGHT, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.