**[Cite as *State v. Price*, 2020-Ohio-220.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No. E-19-003

　　　　Appellee                                    Trial Court No. TRC 1802535

v.

Bradley A. Price                                    **DECISION AND JUDGMENT**

　　　　Appellant                                   Decided:  January 24, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and Anthony A.
Battista III, Assistant Prosecuting Attorney, for appellee.

Danielle C. Kulik, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Bradley Price, appeals the judgment entered in the Erie County

Municipal Court after a jury found him guilty of driving under suspension.  For the

following reasons, we affirm the judgment, in part, and reverse, in part.

{¶ 2} Appellant sets forth five assignments of error:

1. The court erred in denying the defendant his right to allocution.

2. The court erred in allowing the introduction of the LEADS report contrary to the rules of evidence.

3. The court erred in sentencing the defendant to thirty (30) days [of] incarceration.

4. The jury erred in finding the defendant guilty of driving under suspension.

5. The court erred in overruling the Rule 29 motion for acquittal.

**Background**

{¶ 3} In the early morning hours of April 22, 2018, an Erie County deputy sheriff responded to a call regarding a suspicious vehicle parked in the driveway of a private home. Upon arriving at the location, the deputy discovered a truck with its engine running, dome light on and appellant asleep in the driver's seat. The deputy knocked on the truck's window and woke up appellant, who seemed disoriented. The deputy inquired if appellant had any alcoholic beverages, and appellant said he had a couple. The deputy asked appellant for his driver's license, but appellant said he did not have one on him. Although it was requested, appellant refused to perform any field sobriety tests or take a portable breath test. Appellant was arrested.

{¶ 4} The deputy obtained information about appellant through the Law Enforcement Automated Data System ("LEADS") database and discovered appellant's

2.

driver's license was under a pretrial suspension out of Sandusky Municipal Court, and that appellant had convictions for operating a motor vehicle under the influence ("OVI") in 2002 and 2016.

{¶ 5} Appellant was charged with OVI in violation of R.C. 4511.19(A)(1)(a), OVI in violation of R.C. 4511.19(A)(2), and driving under a pretrial license suspension in violation of R.C. 4510.11.

{¶ 6} On December 13, 2018, a jury trial commenced and appellant was found not guilty of the OVI charges, but guilty of driving under suspension in violation of R.C. 4510.11. The court sentenced appellant to 180 days of incarceration, with 150 days suspended, court costs and fines.  Appellant timely appealed.

## First Assignment of Error

{¶ 7} Appellant argues the trial court erred by denying his right to allocution, as the court proceeded to sentencing without allowing him to speak.  Appellant contends his trial counsel was in failing health and requested a continuance, but the request was denied and the jury trial proceeded.  Appellant observes that after the jury was instructed, his counsel advised the court he was leaving and stand-in counsel would wait for the verdict, which the court allowed.  Appellant notes after the jury returned with its verdict, the court proceeded right to sentencing, with stand-in counsel, and without hearing any mitigation or asking appellant to speak.

3.

**Law**

{¶ 8} At the time sentence is imposed, Crim.R. 32(A)(1) mandates that the trial court "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he * * * wishes to make a statement in his * * * own behalf or present any information in mitigation of punishment." It is not enough for the court to allow defense counsel to speak on behalf of the defendant before the sentence is imposed. *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). "The purpose of allocution is to allow the defendant an opportunity to state for the record any mitigating information which the judge may take into consideration when determining the sentence to be imposed." *State v. Turjonis*, 7th Dist. Mahoning No. 11 MA 28, 2012-Ohio-4215, ¶ 6. *See also State v. Gray*, 6th Dist. Erie No. E-16-066, 2017-Ohio-7271, ¶ 17. If the court imposes sentence without asking whether the defendant has anything to say, resentencing is required unless the error is invited or harmless. *State v. Campbell*, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000). Invited error is a fault which a party prompted the court to make. *Davis v. Wolfe*, 92 Ohio St.3d 549, 552, 751 N.E.2d 1051 (2001). Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights * * *." Crim.R. 52(A).

**Analysis**

{¶ 9} The record shows that when the trial court proceeded directly to sentencing after the verdict was received, the state requested, inter alia, that appellant be sentenced to 90 days in jail, with 80 days suspended. Appellant's trial counsel was not present, so

4.

stand-in counsel suggested that the court "be lenient on him because he actually works * * * and would probably lose his job if he is to go to jail for 10 days * * *." The court addressed appellant telling him he should not have been driving at all or drinking before driving, and asked if he understood, to which appellant answered, "Yes, sir." The court then sentenced appellant without providing him the opportunity for allocution in mitigation of sentence.

{¶ 10} Upon review, we find the trial court did not comply with Crim.R. 32(A)(1), as appellant was not provided the chance to exercise his right of allocution. We further find that nothing in the record indicates appellant, his trial counsel or stand-in counsel invited the error, or that the error was harmless. Therefore, the sentencing judgment must be vacated, and the matter remanded for resentencing. Accordingly, appellant's first assignment of error is well-taken.

## Second Assignment of Error

{¶ 11} Appellant argues the trial court abused its discretion in allowing the LEADS report to be introduced as evidence, as it was not properly authenticated. Appellant asserts the officer who testified at trial regarding the report was not trained in the LEADS program and did not generate the LEADS report which was offered and admitted as an exhibit.

## Law

{¶ 12} "The admission of evidence lies within the broad discretion of a trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse

5.

of discretion that has created material prejudice." *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 43. Abuse of discretion is more than an error of law or judgment, it implies the court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} A LEADS report is admissible under the public records exception to the hearsay rule, pursuant to Evid.R. 803(8)(a). *Cleveland v. Craig*, 8th Dist. Cuyahoga No. 99619, 2013-Ohio-5742, ¶ 37. As a public record, a LEADS report requires authentication prior to being admitted into evidence, pursuant to Evid.R. 901(B)(7). While extrinsic evidence of authenticity is not required for certified copies of public records, as they are self-authenticating pursuant to Evid.R. 902(1), (2) and (4), a seal must accompany the certification before the certified copy is considered self-authenticating. *State v. Peterson*, 11th Dist. Trumbull No. 96-T-5456, 1996 WL 761231, *6 (Nov. 29, 1996).

**Analysis**

{¶ 14} A review of the record shows the LEADS report offered and admitted into evidence was signed, sealed and certified. Thus, the report was properly self-authenticated. Further, although not required, a deputy testified to the authenticity of the LEADS report. We therefore find the trial court did not err in admitting the LEADS report. Accordingly, appellant's second assignment of error is not well-taken.

6.

**Third Assignment of Error**

{¶ 15} Appellant contends the trial court erred in sentencing him to 30 days in jail. Given our conclusion that the sentencing judgment must be vacated and the matter remanded for resentencing, this assignment of error is denied as moot.

**Fourth and Fifth Assignments of Error**

{¶ 16} In the fourth assignment of error, appellant argues the jury erred in finding him guilty of driving under suspension as the evidence was insufficient to support the verdict and was against the manifest weight of the evidence.  Appellant contends the evidence was not sufficient to support the conviction, as the only evidence offered was the LEADS report, which was inadmissible.  Appellant also asserts no one testified as to the provision of the Ohio Revised Code under which he was suspended, only that appellant was "on a pretrial suspension."

{¶ 17} Appellant claims the verdict was against the manifest weight, as the officer was not credible to testify about the LEADS program.  Appellant further argues "the information from the LEADS report was obtained against [appellant's] Fourth Amendment Rights" since the jury found him not guilty of OVI which was the only reason the officers seized appellant and his license information.

{¶ 18} In the fifth assignment of error, appellant argues the court erred in overruling the Crim.R. 29 motion as there was no indication under which section of R.C. 4510.11 he was charged, section (A) or section (B), and "[t]he words 'pretrial

7.

suspension' do not indicate [with] which sections the Defendant-Appellant has been charged."

## Law

{¶ 19} R.C. 4510.11, entitled "Driving under suspension or in violation of license restriction," provides in relevant part:

(A) Except as provided in division (B) of this section and in sections 4510.111 [dismissed or reduced charges in abstracts and suspensions relating to: unruly/truant juveniles; tobacco; security for court appearance; child support; liquor; failure to appear in court or pay fines] and 4510.16 [financial responsibility law/nonpayment of judgment suspensions], of the Revised Code, no person whose driver's * * * license * * * has been suspended under any provision of the Revised Code, other than Chapter 4509. of the Revised Code [financial responsibility] * * * shall operate any motor vehicle upon the public roads and highways or upon any public or private property used by the public for purposes of vehicular travel or parking within this state during the period of suspension unless the person is granted limited driving privileges and is operating the vehicle in accordance with the terms of the limited driving privileges.

(B) No person shall operate any motor vehicle upon a highway or any public or private property used by the public for purposes of vehicular travel or parking in this state in violation of any restriction of the person's

8.

driver's * * * license * * * imposed under division (D) of section 4506.10 [driving ability/control devices] or under section 4507.14 [special control devices] of the Revised Code.

{¶ 20} "A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law." *State v. Shaw*, 2d Dist. Montgomery No. 21880, 2008-Ohio-1317, ¶ 28, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). During a sufficiency of the evidence review, an appellate court's function is to "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 21} The standard of review for manifest weight is the same in a criminal case as in a civil case, and an appellate court's function is to determine whether the greater amount of credible evidence supports the verdict. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12; *Thompkins* at 387. "A manifest weight of the evidence challenge contests the believability of the evidence presented." (Citation omitted.) *State v. Wynder*, 11th Dist. Ashtabula No. 2001-A-0063, 2003-Ohio-5978, ¶ 23. When determining whether a conviction is against the manifest weight, the

9.

appellate court must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.), citing *Thompkins* at 387.

{¶ 22} Crim.R. 29 provides that upon a defendant's motion or the court's own motion, after the evidence of either side is closed, the court shall order entry of judgment of acquittal if the evidence is insufficient to sustain a conviction of the charged offense. We review a ruling on a Crim.R. 29 motion for acquittal under the same standard used to determine whether there was sufficient evidence to sustain a conviction. *State v. Merritt*, 6th Dist. Fulton No. F-12-009, 2013-Ohio-4834, ¶ 8.

{¶ 23} A final judgment of conviction "must either fully describe the crime for which the accused was convicted or set forth the Revised Code section number under which he was convicted. Either is sufficient." *State v. Tanner*, 10th Dist. Franklin Nos. 91AP-263 and 91AP-651, 1991 WL 281410, *9 (Dec. 31, 1991), citing *Braxton v. Maxwell*, 1 Ohio St.2d 134, 136, 205 N.E.2d 397 (1965).

**Analysis**

{¶ 24} Regarding appellant's sufficiency of the evidence and Crim.R. 29 motion claims, the record demonstrates appellant was charged with "DRIVER LICENSE * * * Suspended * * * Suspension Type: Pre trial suspension * * * ORC 4510.11." The trial

transcript reveals that after the state rested its case, appellant's defense attorney made a Crim.R. 29 motion "based on what the officer indicated on the charge * * * he never put in which it was A or B [of R.C. 4510.11]." The court stated "[p]retrial suspension is just section A[,] * * * B is not a pretrial suspension." The court then denied the Crim.R. 29 motion, finding "that it should have had a subsection A or B on it, but * * * the suspension type indicating a pretrial suspension cured that error." There is also a side bar discussion in the transcript concerning the admissibility of the LEADS report, during which the court ordered redacted the entry which reflected "an administrative license suspension, slash, positive" "for a case pending currently in Sandusky Municipal Court," as it was prejudicial to appellant.

{¶ 25} The LEADS report, which we found was admissible, contains an entry that appellant's driver's license was "suspended from: 01/05/2018 to: indefinite" due to a "pretrial suspension" from "Sandusky Municipal Court * * * case: TRC1706281A."

{¶ 26} The record further includes the body camera video ("video") of one of the deputies who encountered appellant on April 22, 2018. In the video, appellant states, inter alia, he was not driving, but when asked what he was doing, appellant responded he just pulled over, made a phone call and must have passed out and fallen asleep.

{¶ 27} An examination of R.C. 4510.11 discloses that subsection (A) addresses driving under suspension, while subsection (B) concerns driving in violation of license restrictions.

11.

{¶ 28} A review of the entire record, including the LEADS report, the trial transcript, the video and the relevant law shows there was substantial evidence to establish that appellant's driver's license was suspended under R.C. 4510.11(A) as of April 22, 2018, and that appellant operated the vehicle during the suspension. Therefore, we find there was sufficient evidence to support appellant's conviction for driving under suspension in violation of R.C. 4510.11, and the court did not err in denying the Crim.R. 29 motion.

{¶ 29} Regarding the manifest weight of the evidence challenge, appellant contends the officer was not credible to testify about LEADS, and "the information from the LEADS report was obtained against [his] Fourth Amendment Rights." As we already determined, the LEADS report was properly self-authenticated and no testimony by the deputy was required. In addition, the law is clear that a police officer's check of a person's Bureau of Motor Vehicles records does not implicate Fourth Amendment rights, as it does not does not constitute an invasion as it involves no intrusion. *State v. Begovic*, 11th Dist. Lake No. 97-L-041, 1997 WL 772951, *3 (Dec. 5, 1997). Moreover, "[a] police officer does not need to possess specific and articulable facts warranting suspicion of criminal behavior to run a license plate check on a vehicle * * * [since] [t]here exist no privacy interest in license plates as they are in plain view." *State v. Pennington*, 6th Dist. Wood No. WD-97-122, 1998 WL 456597, *1 (July 17, 1998).

{¶ 30} After reviewing the record and weighing the evidence, we find nothing which shows the jury lost its way and committed a manifest miscarriage of justice in

12.

convicting appellant of driving under suspension. Thus, we conclude that appellant's conviction was not against the manifest weight of the evidence. Accordingly, appellant's fourth and fifth assignments of error are not well-taken.

## Conclusion

{¶ 31} On consideration whereof, the judgment of the Erie County Municipal Court is affirmed, in part, and reversed, in part. We affirm appellant's conviction for driving under suspension but vacate the sentence and remand the cause to the trial court for resentencing. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE
Thomas J. Osowik, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.