[Cite as *State v. DiTomaso*, 2026-Ohio-1330.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0048 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ALBERT C. DITOMASO, | Trial Court No. 2024 CR 00411 |
| Defendant-Appellant. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: April 13, 2026
Judgment: Appeal dismissed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Vincent V. Vigluicci*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} On July 21, 2025, defendant-appellant, Albert DiTomaso, filed a notice of appeal from the judgment of the Portage County Court of Common Pleas, sentencing him for multiple criminal offenses following convictions after a jury trial. We dismiss the appeal due to the lack of a final, appealable order.

{¶2} Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), a trial court's judgment can be immediately reviewed by an appellate court only if it constitutes a "'final order' in the action." *Germ v. Fuerst,* 2003-Ohio-6241, ¶ 3 (11th Dist.). "In the absence of a final, appealable order, an appellate court does not have jurisdiction to review the

matter and must dismiss the appeal." *State v. Parks*, 2023-Ohio-3310, ¶ 5 (11th Dist.).

{¶3} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus. However, "all counts of an indictment must be resolved before a judgment entry of conviction may become a final, appealable order." *State v. Craig*, 2020-Ohio-455, ¶ 15 and 21 ("a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending. . ."). "Where a charge that does not terminate in a conviction is not disposed of upon conviction of other offenses and has not otherwise 'been terminated by a journal entry,' this is considered a 'hanging charge' which 'prevent[s] the conviction from being a final order under R.C. 2505.02(B).'" *State v. Mahr*, 2018-Ohio-3443, ¶ 10 (11th Dist.), citing *State v. Mullens*, 2018-Ohio-1594, ¶ 11 (4th Dist.).

{¶4} On May 17, 2024, DiTomaso was indicted by the Portage County Grand Jury for two counts of Aggravated Vehicular Homicide (Counts One and Two), felonies of the second and third degree, in violation of R.C. 2903.06; Aggravated Vehicular Assault (Count Three), a felony of the third degree, in violation of R.C. 2903.08; Vehicular Assault (Count Four), a felony of the fourth degree, in violation of R.C. 2903.08; three counts of Operating a Vehicle While Under the Influence (Counts Five through Seven), misdemeanors of the first degree in violation of R.C. 4511.19; and Assured Cleared Distance (Count Eight), a minor misdemeanor, in violation of R.C. 4511.21.

{¶5} At the April 29-May 1, 2025 trial, the jury was instructed on six of these eight counts and given jury forms for six counts. It returned guilty verdicts for each of the six

counts: two counts of Aggravated Vehicular Homicide, Aggravated Vehicular Assault, Vehicular Assault, and two counts of OVI. Pursuant to the jury instructions, the two OVI counts were for operating a vehicle while having a specified concentration of blood in the alcohol and urine, Counts Six and Seven of the Indictment. The court's entry memorializing the verdict and sentencing entry referenced convictions and sentences only for those six counts.[1] The charges of OVI for operating a vehicle "while the person was under the influence of alcohol" (Count Five in the Indictment) and Assured Cleared Distance were not placed before the jury nor mentioned in any entry issued by the court. A thorough review of the record and the transcript reveals no disposition of these charges. At a pretrial hearing on April 16, 2025, less than two weeks prior to trial, DiTomaso referenced the eight-count indictment and nothing in the record indicates why only six counts were tried to the jury.

{¶6} In the absence of a judgment dismissing or otherwise resolving two counts of the indictment, we lack jurisdiction to address this appeal. *See State v. Perrill,* 2026-Ohio-218, ¶ 27 (4th Dist.) ("[d]espite a thorough review of the record, we cannot find any indication that the fourth count . . . was dismissed, nollied, or otherwise resolved" and thus, there is no final appealable order). Accordingly, this appeal is hereby sua sponte dismissed for lack of a final appealable order.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

---

1. The lower court's entries reference DiTomaso being convicted of Counts Five and Six in the Indictment. However, a review of the instructions given to the jury on the OVI offenses indicates that the OVI offenses for which DiTomaso was convicted were Counts Six and Seven in the Indictment.

Case No. 2025-P-0048

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, this appeal is hereby sua sponte dismissed for lack a final appealable order.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0048