The STATE of Ohio, Appellee,

v.

BAILEY, Appellant.

[Cite as *State v. Bailey* (1992), 78 Ohio App.3d 394.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910247.

Decided Jan. 8, 1992.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, *William E. Breyer* and *Melissa Powers,* Assistant Prosecuting Attorneys, for appellee.

*John K. Issenmann,* for appellant.

---

*Per Curiam.*

The defendant-appellant, Donald E. Bailey, was tried by a jury in the common pleas court and found guilty of two counts of rape, R.C. 2907.-02(A)(2). The sexual conduct forming the basis of the indictment consisted of two acts of cunnilingus perpetrated by force with the same victim on the same date. The appellant was sentenced to two concurrent terms of imprisonment of five to twenty-five years and this timely appeal followed.

Three assignments of error are presented for review by this court. First, the appellant assigns error to the denial of his motion for acquittal, Crim.R. 29, made at the close of the state's case and renewed at the close of all the evidence. Second, the refusal to give the requested jury instruction for gross sexual imposition as a lesser included offense is assigned as error. Finally, as his third assigned error, the appellant protests his double conviction, contending that both convictions were for allied offenses of similar import and therefore the double conviction is barred by the provisions of R.C. 2941.25(A). For the reasons that follow, we overrule each assignment of error.

## First Assignment of Error

The appellant bases his argument under this assignment on the definition of "sexual conduct" as contained in R.C. 2907.01(A). He reasons that since the definition, as therein given, includes intercourse, both vaginal and anal, fellatio and cunnilingus, and since penetration is required in order to complete vaginal or anal intercourse, therefore there must be some additional element necessary to complete the act of cunnilingus. The statute does not so state. Further, the Ohio Jury Instruction defining the offense as a sexual act committed with the mouth and the female sex organ is accurate and proper under the existing law. Therefore, we hold that the law requires no further activity to constitute cunnilingus beyond the placing of one's mouth on the female's vagina. See *State v. Coleman* (June 24, 1987), Hamilton App. No. C–860511, unreported, 1987 WL 13252.

■ The record contains evidence from which reasonable minds can reach different conclusions as to whether each material element of the offense had been proved beyond a reasonable doubt. Under such circumstances, the trial court did not err in its ruling on the Crim.R. 29 motion. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. The first assignment of error is not well made.

### Second Assignment of Error

■ The appellant asserts that the trial court should have given his requested jury instruction on gross sexual imposition. We disagree.

The record that we review would not support the giving of an instruction on gross sexual imposition. If, upon the evidence submitted to the jury, reasonable minds could conclude that the state had failed to prove beyond a reasonable doubt one or more elements of the charged offense but had proved the remaining elements which in themselves constitute the lesser included offense, then such charge should be given. See *State v. Wilkins* (1980), 64 Ohio St.2d 382, 18 O.O.3d 528, 415 N.E.2d 303. The record is devoid of any evidence relative to the purpose of such conduct so as to meet the definition of "sexual contact" proscribed by R.C. 2907.05. The second assignment of error is without merit.

### Third Assignment of Error

■ Finally, the third assignment of error is overruled on the authority of *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364. The record does not reflect that the appellant raised this matter before the trial court when the error, if any, could have been avoided.

■ In addition, even if error, it is non-prejudicial because the two sentences were ordered to be served concurrently.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., KLUSMEIER and UTZ, JJ., concur.