OPINION
In the spring of 1997, appellant Keith Alan Sherman lived with his brother, Cecil Sherman, and his sister-in-law, Ronda Sherman. At the time, Ronda worked as a babysitter for Rachel Gombosh, a two-year old girl,. On several occasions, Ronda left appellant home alone with Rachel and her brother, Alex. After one of these occasions, Rachel told her mother, "Uncle Keith licks my pee-pee." Rachel then showed her mother how appellant licked her by using her doll. After Rachel's mother reported to the authorities that she believed her daughter had been sexually molested by appellant, Shannon Mahoney of Richland County Children's Services and Sergeant Jeff McBride of the Richland County Sheriff's Department went to appellant's residence to question him. Appellant admitted that he had fondled Rachel's vagina and butt. He told them that he would pull down her diaper and fondle her vagina with his hand. He admitted to licking her vaginal area while masturbating. He would then ejaculate on toilet paper or a towel, which he placed on Rachel's stomach. He admitted to performing cunnilingus on Rachel on two occasions. Appellant was charged with two counts of rape in violation of R.C. 2907.02 (A)(1)(b). The case proceeded to bench trial in the Richland County Common Pleas Court. Appellant was convicted of both counts of rape. He was sentenced to a term of nine years incarceration on count one, and nine years incarceration on count two, to be served concurrently. The court further adjudicated appellant to be a sexual predator. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF TWO COUNTS OF RAPE, WHEN THE EVIDENCE SUPPORTED A FINDING OF GUILTY ON THE LESSER INCLUDED OFFENSES OF GROSS SEXUAL IMPOSITION.
Appellant argues that because the acts of vaginal and anal intercourse require penetration of the vagina, the act of cunnilingus requires penetration as well. He argues that because there is no evidence of penetration, he should have been convicted of gross sexual imposition rather than rape. Appellant was convicted of two counts of rape in violation of R.C. 2907.02: (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies: (b) the other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
Sexual conduct is defined: "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
2907.01 (A) The statute clearly does not require penetration to complete the act of cunnilingus. Further, the Ohio Jury Instructions define the act of cunnilingus as a sexual act committed with the mouth and the female sex organ. The law clearly does not require penetration, and requires no further activity beyond the placing of one's mouth on the female's vagina. State v. Bailey (1992), 78 Ohio App.3d 394, 395. The assignment of error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur