OPINION
Norman W. Poe, defendant-appellant, appeals the March 3, 2000 judgment of the Franklin County Court of Common Pleas finding him guilty of three counts of rape, in violation of R.C. 2907.02, first-degree felonies, and two counts of kidnapping, violations of R.C. 2905.01, first-degree felonies. The trial court also found appellant to be a sexual predator.
On December 8, 1998, appellant was indicated on three counts of rape and two counts of kidnapping relating to alleged acts involving his fifteen-year-old stepdaughter, Tiffany Owens. The acts described in the indictment were alleged to have stemmed from two separate incidents occurring in the summer of 1995. In the first incident, Tiffany testified that while she was sleeping in the basement of her mother's and appellant's home, appellant went down into the basement, pulled down her shorts, and engaged in vaginal intercourse with her. In the second incident, Tiffany testified that appellant pushed her on his bed, took off her shorts, and unsnapped her body suit. Tiffany testified that appellant performed oral sex on her and then engaged in vaginal sex with her.
A jury trial was held, and on September 23, 1999, the jury found appellant guilty of all counts. A sentencing hearing and sexual predator determination hearing were held on March 2, 2000. A judgment entry was filed on March 3, 2000, in which the court ordered a term of imprisonment of not less than ten years and no more than twenty-five years on each count. The three rape counts were to run consecutive to each other and concurrent to the two kidnapping counts, and the two kidnapping counts were to run concurrent to each other. Appellant appeals the judgment, asserting the following assignments of error:
 I. The evidence was insufficient to find Appellant guilty and thus, Appellant is entitled to a judgment of acquittal as to count four pursuant to Rule 29 of the Ohio Rules of Criminal procedure.
 II. Appellant's conviction was against the manifest weight of the evidence.
 III. The trial court erred in permitting testimony referring to prior bad acts of the Defendant.
 IV. The Trial Court erred in violation of Appellant's rights to due process and equal protection by instructing the jury as to a lower burden of proof as to the element of "force" in Appellant's particular case due to the fact that Appellant was a step parent of the alleged victim.
 V. The Trial Court erred in sentencing Appellant to three consecutive terms of imprisonment on the three rape counts in the journal entry when orally, at the time of sentencing, the Trial Court ran one of the rape counts concurrent to the other two rape counts.
 VI. The Trial Court erred in finding the Defendant a sexual predator.
 VII. Appellant is entitled to a new trial because his rights were violated by the ineffective assistance of trial counsel.
Appellant argues in his first assignment of error that there was insufficient evidence to find him guilty of count four, rape through cunnilingus. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. Statev. Thompkins (1997), 78 Ohio St.3d 380, 387; State v. Smith (1997),80 Ohio St.3d 89, 113. When a defendant challenges the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307, 319. A verdict will not be disturbed unless this court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Statev. Jenks (1991), 61 Ohio St.3d 259, 273. In addition, we note that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230, 227.
R.C. 2907.02(A)(2) provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." "Sexual conduct" is defined in R.C. 2907.01(A) as:
 * * * vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
Appellant first maintains that for the act of rape through cunnilingus to have occurred, there must have been some penetration, however slight. However, contrary to appellant's contention, the statute clearly does not require penetration to complete the act of cunnilingus. Courts have also found that the law does not require penetration, and requires no further activity beyond the placing of one's mouth on the female's vagina. Statev. Bailey (1992), 78 Ohio App.3d 394, 395.
Appellant then asserts that Tiffany testified that he never made contact with her vagina during the second incident in the bedroom, but instead testified only that he "tried to lick me." Tiffany's testimony regarding this incident was as follows:
* * *
 A. He spread open my legs and had his hand down on them so that I couldn't move. And he began to try and like push oral sex on me. I don't know.
 Q. Rather than use the term, why don't you describe what he was trying to do.
A. He was trying to lick me.
Q. Okay.
 A. I told him to stop. I just kept telling him I am going to tell my mom and you better stop. Then he stopped doing that. Then he was like holding my arms with one hand like right by my neck, and holding my legs open with his body and his other hand.
We believe that Tiffany's description of appellant's actions, coupled with her describing the act as "oral sex," was sufficient to demonstrate appellant's mouth made contact with her vagina. The lack of any indication that he did not succeed in his attempt to perform is telling. Tiffany testified that he "stopped doing that," which seems to indicate that he had succeeded in making some contact. Therefore, we find that, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that appellant's mouth made contact with Tiffany's vagina. Appellant's first assignment of error is overruled.
Appellant asserts in his second assignment of error that his conviction was against the manifest weight of the evidence. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted.State v. Garrow (1995), 103 Ohio App.3d 368, 370-371.
Appellant's only substantial argument under this assignment of error is that "the entire issue in this case is the credibility of Ms. Tiffany Owens" with regard to rape by cunnilingus, as contained in count four. While this court is permitted to consider credibility when confronted with an argument that the verdict is against the manifest weight of the evidence, such consideration is not without bounds. The trier of fact is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," and we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279.
We have already addressed Tiffany's testimony with regard to count four in our discussion of appellant's first assignment of error, and appellant does not argue that any contradictory evidence was presented by any witness. Rather, appellant's sole argument is that Tiffany's testimony should be found not credible. Appellant's only reason for doubting Tiffany's credibility, regarding this incident, is his unsubstantiated claim that Tiffany's in-court testimony was "inherently inconsistent with whatever statement she may have made to law enforcement, the prosecutor's office, and possibly the grand jury * * *." Appellant presents no evidence of any inconsistency in Tiffany's testimony and relies only upon the most speculative argument. We can find no reason to find Tiffany's testimony not credible.
Although appellant also notes, as an aside, that we should reverse his conviction on the other four counts, based upon the manifest weight of the evidence, he presents no argument and points to no error with regard to any of the other four counts. After reviewing the record, we find that there was sufficient evidence to support appellant's conviction on all five counts, and, importantly, the jury did not clearly lose its way. Appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error that the trial court erred in permitting testimony referring to his prior bad acts. Appellant complains about four portions of Tiffany's testimony that refers to his prior bad acts: (1) "I was pretending like I was asleep so he would leave me alone, because he had a past of messing with me"; (2) "My mom said that it would be better if nobody knew, because they didn't do anything the last time"; (3) "[M]y mom told me that they would not do anything, and to just look at what happened the last time. You know, it is still going on"; and (4) "He came up like to me and like kissed me, turned me around and kissed me, and I pushed him away. My mom was just in the living room, like right next to the kitchen. He didn't care."
As a general rule, evidence of previous or subsequent acts, wholly independent of the charges for which an accused is on trial, is inadmissible. State v. Hector (1969), 19 Ohio St.2d 167. R.C. 2907.02(D) provides that "[e]vidence of specific instances of the defendant's sexual activity * * * shall not be admitted under this section unless it involves evidence of * * * the defendant's past sexual activity with the victim * * * and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." Evid.R. 404(B) provides that evidence of a defendant's other crimes, wrongs, or acts is not admissible to prove his character in order to show that he was acting in conformity therewith; it may, however, be admissible for other purposes, including but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. State v. Smith (1990), 49 Ohio St.3d 137,140; see, also, R.C. 2945.59 (prior acts evidence also admissible to prove defendant's scheme or system in doing the act in question when those matters are at issue or to prove a specific element of the crime charged). The admission or exclusion of evidence rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus.
In the present case, appellant argues that the testimony did not relate to the matters at issue because his defense was that he did not commit the acts in question, he did not assert they were consensual, and he never made an issue about the delay in reporting. However, we find that the prior acts were admissible for several reasons. First, even though appellant did not claim that the acts were consensual, the prosecution was still required to prove the elements of force or coercion beyond a reasonable doubt. Appellant's prior acts tended to show these elements by substantial proof and were not presented to demonstrate his conformity with these past actions. See State v. Pennington (July 30, 1991), Franklin App. No. 91AP-13, unreported; State v. Gudger (Dec. 11, 1990), Franklin App. No. 90AP-137.
Second, as we found in Pennington, supra, we believe the prior acts in question were inextricably intertwined with the charges here and related to appellant's guilt. With only the question of whether to believe appellant's testimony or not, the jury likely faced several inquiries regarding how appellant was able to accomplish the alleged acts and his opportunity to do so. Without the evidence of the prior incidents, certain aspects of Tiffany's allegations may have seemed implausible, and the jury could have doubted her credibility. The evidence of the past events helped explain Tiffany's testimony as to why she acted as if she were asleep when appellant came down to the basement and when he initially began his sexual abuse of her. The evidence of the prior acts and her mother's opinions regarding those past acts would also explain to the jury why she did not attempt to resist more when the abuse occurred. Further, any question by the jury as to why appellant would attempt the acts in the basement while Tiffany's mother was still in the house, could have been explained by the evidence of his prior acts, as it demonstrated a common scheme and that he had before taken similar opportunities to abuse her while her mother was nearby. Therefore, we find that any prejudicial nature of this testimony did not outweigh its probative value, and the trial court did not abuse its discretion in admitting such. Appellant's third assignment of error is overruled.
Appellant argues in his fourth assignment of error that the trial court erred by instructing the jury on a lower burden of proof as to the element of "force" because appellant was a step-parent of the alleged victim. Because trial counsel failed to object to the jury instructions as given, all error is waived but plain error. State v. Bey (1999),85 Ohio St.3d 487, 497. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Id. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.State v. D'Ambrosio (1993), 67 Ohio St.3d 424, 437.
An element of rape under R.C. 2907.02(A)(2) is "force," which is defined under R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." However, in State v. Eskridge (1988), 38 Ohio St.3d 56, the Ohio Supreme Court held:
 The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size and strength. (State v. Labus [1921], 102 Ohio St. 26, 38-39, 130 N.E. 161, 164.) Id., at paragraph one of syllabus.
Thus, the real test of force is whether the "victim's will was overcome by fear or duress." Id. at 59. It is also well-established that the element of force is usually implicit where the perpetrator of the abuse is a step-parent, an important figure of authority. See, e.g., id. at 58-59; State v. Ritchie (Apr. 2, 1997), Lorain App. No. 95CA006211, unreported; State v. Fenton (1990), 68 Ohio App.3d 412, 436; State v.Arrington (Apr. 25, 1990), Lorain App. No. 89 CA004644, unreported.
On several occasions, the Ohio Supreme Court has reiterated its holding in Eskridge regarding the level of force necessary for a relative of the victim, as has this court. See, e.g., State v. Dye (1998),82 Ohio St.3d 323, 326; State v. Schaim (1992), 65 Ohio St.3d 51, 52;State v. Laws (Dec. 22, 1998), Franklin App. No. 98AP-306, unreported. In the instant case, appellant, as the victim's stepfather, occupied a position of authority over Tiffany. Therefore, given our plain error standard and the holding in Eskridge, we find that actual physical force was not necessary to demonstrate the force element of rape pursuant toEskridge. However, regardless of Eskridge and appellant's failure to object, our review of the record reveals that there was sufficient evidence of actual force in perpetrating the rapes, as shown below with regard to the kidnapping charges.
Appellant also argues that the trial court erred in not defining "force," as it applied to the kidnapping charges. Again, we review this under a plain error analysis. R.C. 2905.01 prohibits restraining the liberty of the other person for the purpose to engage in sexual activity with the victim against the victim's will. However, regardless of the necessity of actual force and the trial court's failure to give a jury instruction regarding "force," we find that the evidence clearly established the requisite element of actual force to support appellant's conviction for kidnapping. Tiffany testified that, with regard to the incident in the basement, appellant held her legs down so she could not get up, removed her shorts, and engaged in vaginal intercourse with her, despite her pleas for him to stop. With regard to the incident in the bedroom, appellant testified that he closed the bedroom door, locked it behind him, would not allow Tiffany to leave, pushed her down onto the bed, and held her down on the bed so she couldn't move, despite her pleas for him to stop. Therefore, this argument is without merit, and appellant's fourth assignment of error is overruled.
Appellant argues in his fifth assignment of error that the trial court erred in sentencing him to three consecutive terms of imprisonment on the three rape counts in the journal entry, when orally, at the time of sentencing, the trial court ran one of the rape counts concurrent to the other two rape counts. The state concedes that the judgment entry does not accurately reflect the trial court's statements at the sentencing hearing and concedes that the matter must be remanded for resentencing. See, e.g., State v. Fredenburg (Sept. 17, 1998), Franklin App. No. 97APA10-1340, unreported. As such, appellant's fifth assignment of error is well-taken to the extent that the trial court's sentencing entry does not comport with the trial court's pronouncements at the sentencing hearing. Appellant's fifth assignment of error is sustained.
Appellant argues in his sixth assignment of error that the trial court erred in finding him to be a sexual predator. Specifically, appellant argues that the trial court erred in sentencing appellant prior to the sexual predator hearing. R.C. 2950.09(B)(1) specifies that the trial judge shall conduct the sexual predator hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct the hearing as part of the sentencing hearing required by R.C. 2929.19. In State v.Bellman (1999), 86 Ohio St.3d 208, the Ohio Supreme Court noted that the time periods set out in R.C. 2950.09(B)(1), for holding the sexual predator hearing, are for convenience and orderly procedure. They do not include any expression of intent to restrict the jurisdiction of the trial court in case of untimeliness. Id. Therefore, these provisions are directory only, and not jurisdictional in nature. Id. Although in the present case, the trial court sentenced appellant prior to holding the sexual predator hearing, the court then immediately proceeded to the sexual predator hearing, which was held as part of the sentencing proceeding. Further, appellant does not demonstrate, or even suggest, that he was prejudiced by the order of proceedings. Therefore, appellant's sixth assignment of error is overruled.
Appellant argues in his seventh assignment of error that he received ineffective assistance of counsel at trial. Reversal of a conviction or sentence based upon ineffective assistance of counsel requires: (1) deficient performance constituting errors so serious that counsel was not functioning as the counsel guaranteed the defense by the Sixth Amendment, and (2) prejudice constituting errors so serious as to deprive the defendant of a fair trial whose result is reliable. Strickland v.Washington (1984), 466 U.S. 668, 687. State v. Ballew (1996),76 Ohio St.3d 244, 255. As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, surpa, at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id.
Appellant argues that his trial counsel was ineffective in several respects. First, appellant asserts that his trial counsel was ineffective because he failed to object to the instructions discussed in the fourth assignment of error. Because we have already found that there was sufficient evidence to establish the element of force for the rape and kidnapping charges, and that the trial court did not err in giving those instructions, this argument is without merit.
Appellant next argues that his trial counsel was ineffective in failing to raise the clerical error regarding the disparity between the oral and written sentences discussed in the fifth assignment of error. Because we have sustained appellant's fifth assignment of error, this argument is moot.
Appellant also argues that his counsel was ineffective in failing to move for a Civ.R. 29 motion for acquittal. Appellant raises the same arguments and issues presented with regard to his first and second assignments of error. We have already addressed the sufficiency of the evidence with respect to the rape through the cunnilingus charge and Tiffany's credibility. Therefore, this argument is without merit, and appellant's seventh assignment of error is overruled.
Accordingly, appellant's first, second, third, fourth, sixth, and seventh assignments of error are overruled, and his fifth assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas with regard to the guilty verdict and sexual predator finding is affirmed and reversed regarding the sentencing portion. Therefore, this cause is remanded to that court for sentencing only. See, e.g., State v.Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013, unreported.
Judgment affirmed in part and reversed in part; cause remanded withinstructions.
LAZARUS, J., concurs.
BOWMAN, P.J., concurs in part and dissents in part.