[Cite as *State v. Johnston*, 2019-Ohio-4296.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-207 |
| | : | |
| STEVEN A. JOHNSTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of October, 2019.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Court House, Ohio 43160
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Steven A. Johnston, appeals from the judgment of the Miami County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On July 13, 2012, the Miami County Grand Jury returned an indictment charging Johnston with one count of rape of a person less than 13 years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The charge included a specification that the victim was less than ten years of age at the time of the offense. At his arraignment, Johnston pled not guilty to the charge, and he subsequently filed a motion to suppress certain incriminating statements he made to law enforcement officials. The trial court, however, overruled the motion to suppress, and Johnston thereafter entered into a plea agreement with the State.

{¶ 3} As part of the plea agreement, Johnston agreed to plead guilty to the rape offense as charged in the indictment in exchange for the State dismissing the specification that the victim was less than ten years of age. At the plea hearing, Johnston's defense counsel also advised the trial court that the parties had agreed to jointly recommend a prison sentence of "ten years." Plea Hearing Trans., p. 2. Immediately following that statement, the State clarified that the parties had actually agreed to jointly recommend a prison sentence of "ten years to life." *Id.* at p. 3. Neither Johnston nor his defense counsel objected to the State's clarification.

**{¶ 4}** The written plea form reviewed and signed by Johnston also indicated that he was facing a possible sentence of "10 yrs-life." Plea of Guilty, Docket No. 38, p. 1. However, the plea form further provided the following:

No promises have been made except as part of this plea agreement which is stated entirely as follows: The State withdraws its specification and jointly recommends **a ten-year prison sentence** for Mr. Johnston in exchange for his guilty plea to a felony rape charge.

(Emphasis added.) *Id.* at 2.

**{¶ 5}** After the parties notified the trial court of the plea agreement, the trial court conducted a Crim.R. 11 plea colloquy. As part of the colloquy, the trial court advised Johnston that because of the specific code section involved with his rape offense, his sentence would be "a minimum of not less than ten years to a maximum of life imprisonment." Plea Hearing Trans., p. 6. Upon being so advised, Johnston indicated that he understood the prison sentence that would be imposed. Johnston also indicated that he understood all the rights he was waiving by entering a guilty plea. Following the colloquy, the trial court accepted Johnston's guilty plea, ordered a presentence investigation report, and scheduled the matter for sentencing. At Johnston's sentencing hearing, the trial court imposed a prison term of ten years to life in prison, ordered Johnston to pay court costs, and designated him a Tier III sex offender. Neither Johnston nor his defense counsel made any statement regarding the sentence after it was imposed.

**{¶ 6}** On February 6, 2014, over a year after his conviction, Johnston filed a motion for leave to file a delayed appeal. This court overruled Johnston's motion on February

25, 2014. Other than making several requests for the transcript of his motion to suppress hearing, Johnston took no other action with regard to his case until four years later. Then, on January 30, 2018, Johnston filed a motion to withdraw his guilty plea alleging that he received ineffective assistance of counsel. In support of his motion, Johnston argued that his plea was not knowingly, intelligently, and voluntarily entered because his trial counsel misinformed him about the jointly-recommended prison sentence. According to Johnston, trial counsel advised him that the parties were jointly recommending a definite prison sentence of ten years, not ten years to life. Johnston claimed that he would not have entered his guilty plea had he known about the life tail on the ten-year sentence.

{¶ 7} On June 19, 2018, the trial court held an evidentiary hearing on Johnston's motion to withdraw his guilty plea. Following this hearing, the trial court issued a written decision overruling Johnston's motion. In overruling the motion, the trial court found that Johnston did not seek to withdraw his guilty plea until more than five years after his conviction and did not attempt to explain the reason for the delay. The trial court also found that the five-year delay was prejudicial to the State given that the testimony of a child-victim was critical evidence. Although the trial court determined that Johnston's undue delay was sufficient grounds to overrule the motion, the trial court also considered the merits of his motion to withdraw his guilty plea.

{¶ 8} When considering the merits of Johnston's motion, the trial court found that, despite the misinformation provided by his trial counsel and in the plea form, there was overwhelming evidence that Johnston knew the joint recommendation was for a prison sentence of ten years to life. Specifically, the trial court pointed to the fact that the plea

agreement was properly stated on the record at the plea hearing and that the trial court had properly advised Johnston of the penalties associated with his plea during the plea colloquy without objection. As a result, the trial court found that if Johnston had truly believed that he had negotiated a definite ten-year prison sentence, it was "inconceivable" that he would have remained silent throughout the plea and sentencing hearings while the court repeatedly referenced the life term. Although the trial court ultimately concluded that counsel's misinformation regarding the jointly-recommended sentence may have constituted deficient performance, it found that Johnston was not prejudiced because the trial court corrected said misinformation on the record at the plea hearing. Therefore, even when reviewing the merits of Johnston's claim, the trial court determined that Johnston had failed to establish a manifest injustice warranting the withdrawal of his guilty plea.

{¶ 9} Johnston now appeals from the trial court's decision overruling his motion to withdraw his guilty plea, raising three assignments of error for review.

**First Assignment of Error**

{¶ 10} Under his first assignment of error, Johnston argues that his ten-year-to-life prison sentence is void and that the matter should be remanded to the trial court for resentencing. Johnston claims that his sentence is void because the statutory scheme that penalizes the rape offense in question limited the trial court to imposing a maximum sentence of 11 years in prison. Johnston, however, is not only wrong about his sentence, but the alleged sentencing error is beyond the scope of this appeal.

{¶ 11} The record indicates that Johnston's appeal is from the trial court's

judgment overruling his post-sentence motion to withdraw his guilty plea. As previously noted, the trial court overruled the motion on grounds of undue delay and Johnston's failure to establish a manifest injustice warranting the withdrawal of his guilty plea. In turn, the only question presently before this court is whether that decision was in error. Therefore, the alleged sentencing error raised by Johnston under his first assignment of error is beyond the scope of this appeal. *See State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 20.

{¶ 12} In addition to being beyond the scope of this appeal, the argument that Johnston's sentence is void lacks merit. Johnston contends that pursuant to R.C. 2907.02(B), the trial court was only permitted to sentence him to a maximum sentence of 11 years in prison, which was the maximum allowable prison sentence for first-degree felonies at the time he was sentenced in 2013. *See* former R.C. 2929.14(A)(1). Johnston, however, has misread the plain language of R.C. 2907.02(B). As previously noted, Johnston was convicted of rape of a person less than 13 years of age in violation of R.C. 2907.02(A)(1)(b). R.C. 2907.02(B) generally provides that "[e]xcept as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section *shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code*." (Emphasis added.) R.C. 2907.02(B). There are, however, two exceptions to this provision.

{¶ 13} One exception provides that an offender under R.C. 2907.02(A)(1)(b) shall not be sentenced under R.C. 2971.03 if the offender was under sixteen years of age, did not cause serious physical harm to the victim, the victim was ten years of age or older,

*and* the offender had not previously been convicted of rape. R.C. 2907.02(B). This exception does not apply here, as Johnston was in his forties at the time of the offense in question.

{¶ 14} The other exception provides that if an offender under R.C. 2907.02(A)(1)(b) had previously been convicted of rape under division (A)(1)(b), caused serious physical harm to the victim, *or* if the victim was less than ten years of age, the trial court has discretion to impose life in prison without parole in lieu of sentencing the offender pursuant to R.C. 2971.03. R.C. 2907.02(B). None of these criteria apply to Johnston, as the State dropped the specification in the indictment that the victim was under ten years of age, there was no allegation of serious physical harm to the victim, and Johnston had never previously been convicted of a criminal offense. Therefore, based on the plain language of R.C. 2907.02(B), the trial court in this case was not authorized to impose life in prison without parole in lieu of sentencing Johnston pursuant to R.C. 2971.03. The trial court was instead required to sentence Johnston in accordance with R.C. 2971.03.

{¶ 15} R.C. 2971.03 provides, in relevant part, as follows:

(B)(1) * * * [I]f a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, **if division (A) of this section does not apply regarding the person**, **and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:**

(a) Except as otherwise required in division (B)(1)(b) or (c) of this section, ***a minimum term of ten years and a maximum term of life imprisonment.***

(b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.

\* \* \*

(Emphasis added.) R.C. 2971.03 (B)(1)(a) and (b).

{¶ 16} The foregoing statutory provision provides that, if R.C. 2971.03(A) does not apply to the offender and if the court does not impose life without parole as authorized by R.C. 2907.02(B), an offender guilty of violating R.C. 2907.02(A)(1)(b) shall be sentenced to an indefinite term of ten years to life in prison. R.C. 2971.03(B)(1)(a). An offender's sentence is increased to an indefinite term of 15 years to life in prison if the victim was less than ten years of age. R.C. 2971.03(B)(1)(b).

{¶ 17} In this case, R.C. 2971.03(A) does not apply because Johnston's case does not involve a violent sex offense with a sexually violent predator specification. Also, since the trial court dismissed the specification that the victim was under ten years old, the trial court was not authorized to sentence Johnston to life without parole under R.C. 2907.02(B). Because the State dismissed that specification, the trial court was statutorily required to sentence Johnston pursuant to R.C. 2971.03(B)(1)(a), which mandates the imposition of an indefinite prison term of ten years to life in prison. *See State v. Murrell*, 2d Dist. Montgomery No. 24717, 2012-Ohio-2108, ¶ 30. That is the exact sentence the trial court imposed on Johnston. Given that the trial court imposed the ten-year-to-life sentence required by law, Johnston's sentence is not void and his claim to the contrary lacks merit.

{¶ 18} Johnston's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 19} Under his second assignment of error, Johnston argues that the trial court erred in overruling his post-sentence motion to withdraw his guilty plea. Johnston's claim fails for multiple reasons.

{¶ 20} Pursuant to Crim.R. 32.1, a trial court may permit a defendant to withdraw a plea after imposition of sentence only to correct a manifest injustice. *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 16. " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999). Under this standard, a post-sentence motion to withdraw is allowable only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶ 21} We review a trial court's ruling on a post-sentence motion to withdraw a plea for an abuse of discretion. *Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶ 6. "The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable." *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 17, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).[1] "A decision is

---

[1] *Chase* was abrogated on other grounds by *State v. Braden,* Slip Op. No. 2018-Ohio-

unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents.* at 161.

**{¶ 22}** In this appeal, Johnston claims that the trial court abused its discretion in overruling his post-sentence motion to withdraw his guilty plea because the trial court failed to advise him at the plea hearing of the correct maximum possible sentence he could receive as required by Crim.R. 11(C)(2)(a). This argument, however, was not raised by Johnston as part of his motion to withdraw his guilty plea nor was it raised during the evidentiary hearing on the motion. The only issue brought before the trial court was whether Johnston's trial counsel rendered ineffective assistance by misinforming him about the jointly-recommended sentence and whether said misinformation constituted a manifest injustice warranting the withdrawal of his guilty plea. At no point prior to this appeal did Johnston ever contend that the trial court failed to comply with Crim.R. 11(C)(2)(a) by misinforming him of the maximum possible sentence he could receive. Accordingly, Johnston is improperly raising this claim for the first time in this appeal. *See State v. Schneider*, 2d Dist. Greene No. 95-CA-18, 1995 WL 737910, *1 (Dec. 13, 1995).

**{¶ 23}** Johnston's claim that the trial court misinformed him of the maximum possible sentence is also barred by the doctrine of res judicata because it could have been demonstrated on the record and raised in a direct appeal. *State v. Bonilla*, 2d Dist. Greene No. 2008 CA 68, 2009-Ohio-4784, ¶ 39 ("where a claim of ineffective assistance of trial counsel could be resolved based on the record on direct appeal, such a claim must be raised and a subsequent attempt to raise the claim will be barred by res judicata").

**{¶ 24}** However, even if Johnston's claim was not barred, the record indicates that

_____

5079, __ N.E.3d __.

the trial court did properly inform Johnston of the maximum possible sentence at the plea hearing. The trial court told Johnston that, because of the specific code section involved with his rape offense, his sentence would be "a minimum of not less than ten years to a maximum of life imprisonment." Plea Hearing Trans., p. 6. The written plea form reviewed and signed by Johnston also stated that he could receive a possible sentence of "10 yrs-life." Plea of Guilty, Docket No. 38, p. 1. A ten-year-to-life prison sentence was mandated by R.C. 2902.07(B) and R.C. 2971.03(B)(1)(a); therefore, the record indicates that the trial court advised Johnston of the correct prison sentence that he would receive if he pled guilty.

{¶ 25} We further note that the trial court's decision to overrule Johnston's motion to withdraw his guilty plea was partially based on his undue delay in filing the motion. "[A]n undue delay between the occurrence of the alleged cause of a withdrawal of a guilty plea and the filing of a Crim.R. 32 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Harden*, 2d Dist. Montgomery No. 22839, 2009-Ohio-3431, ¶ 7, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324. "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 40. "The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time." *Id.* "It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time." *Id.*

{¶ 26} Here, Johnston filed his motion to withdraw his guilty plea five years after

his conviction and sentence and provided no excuse for the delay. As determined by the trial court, such a delay is prejudicial to the State because if the plea was withdrawn and the matter went to trial, the critical evidence would be the testimony of the child victim, who was only five years old at the time of the offense. It is likely that the victim has spent the past five years attempting to forget the offense and to move on with her life, which would make recalling the details of the offense for trial difficult and traumatic. Under these circumstances, we do not find that the trial court abused its discretion in considering the undue delay as a reason to overrule the motion.

{¶ 27} The trial court's reasoning for overruling Johnston's motion on the merits was also reasonable and not an abuse of discretion. As previously noted, Johnston argued in his motion that his guilty plea was not knowingly, intelligently, and voluntarily entered because his trial counsel misinformed him that the jointly-recommended prison sentence was ten years as opposed to ten years to life. The record, however, indicates that the jointly-recommended sentence of ten years to life was correctly stated on the record by the State at the plea hearing and that the trial court properly advised Johnston of the penalties associated with his offense during the plea colloquy. The record also indicates that Johnston never objected when the State advised the trial court that the jointly-recommended sentence was ten years to life or when that term was subsequently imposed at sentencing. Under these circumstances, it was reasonable for the trial court to conclude that any misinformation Johnston received from his trial counsel regarding the jointly-recommended sentence was cured at the time of the plea hearing. Therefore, the trial court did not abuse its discretion when it concluded that Johnston failed to establish a manifest injustice warranting the withdrawal of his guilty plea.

**{¶ 28}** Johnston's second assignment of error is overruled.

## Third Assignment of Error

**{¶ 29}** Under his third assignment of error, Johnston argues that his trial counsel provided ineffective assistance at the plea hearing by failing to correct the trial court's alleged misstatement about the maximum possible sentence that Johnston could receive if he pled guilty to the rape charge. Johnston also contends that his trial counsel provided ineffective assistance by failing to advise him of an available defense—that there was insufficient proof of "sexual conduct" with the victim. These claims also fail for multiple reasons.

**{¶ 30}** As a preliminary matter, we note that the ineffective assistance claims raised by Johnston were not raised in the motion to withdraw his guilty plea that is the subject of this appeal. Therefore, the ineffective assistance claims at issue are being improperly raised for the first time on appeal. *See Schneider*, 2d Dist. Greene No. 95-CA-18, 1995 WL 737910, at *1. Johnston's claim that his trial counsel failed to correct the trial court's alleged misstatement at the plea hearing is also barred by res judicata since it could have been demonstrated on the record and raised in a direct appeal. *See Bonilla*, 2d Dist. Greene No. 2008 CA 68, 2009-Ohio-4784, at ¶ 39. But, regardless of these deficiencies, both of Johnston's ineffective assistance claims also lack merit.

**{¶ 31}** In order to succeed on an ineffective assistance claim, a defendant must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d

136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 32} To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688; *Bradley* at 142. In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. "[A] debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964, ¶ 37 (2d Dist.), citing *Strickland* at 689. (Other citation omitted.)

{¶ 33} To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

{¶ 34} Johnston initially claims that his trial counsel provided ineffective assistance at the plea hearing because counsel failed to correct the trial court's alleged misstatement about the maximum possible sentence he could receive if he pled guilty to the rape charge. This claim lacks merit because, as discussed under Johnston's second assignment of error, the trial court correctly advised Johnston that it would be statutorily required to impose a sentence of ten years to life in prison if he pled guilty. Therefore,

because the trial court's statement at the plea hearing was correct, there was no reason for Johnston's trial counsel to make any correction. Thus, counsel's performance at the plea hearing was not deficient and no prejudice resulted. Accordingly, Johnston's first ineffective assistance of counsel claim lacks merit.

{¶ 35} Johnston also claims that his trial counsel failed to advise him that he could defend against the rape charge by arguing that there was no proof of "sexual conduct," which is an essential element of rape. *See* R.C. 2907.02(A)(1). Johnston asserts that there was no proof of "sexual conduct" because, during his interview with law enforcement, he only admitted to touching the victim's vagina, which constitutes "sexual contact" not "sexual conduct." *See* R.C. 2907.01(A) and (B).

{¶ 36} The West Milton Police Department case report, however, indicates that the victim told law enforcement that Johnston licked her vagina. The case report also indicates that Johnston admitted to putting his mouth on the victim's vagina, as the report provides as follows:

> Sgt. Hendricks then asked [Johnston] if he put his mouth on [the victim's] vagina, which he stated he did not. We informed [Johnston] this is the story [the victim] was giving us and told him if he did it, we know it was a mistake. After this, [Johnston] stated, "I did it, I did it, I just real quick."
>
> [Johnston] stated again "I did it" and it was stupid and he regrets doing it. Johnston further stated he knows it was wrong and doesn't know why he did it.

Transcript of Criminal Docket from Miami County Municipal Court - West Milton Police

Case Report Supplement of May 29, 2012 (June 8, 2012), Docket No. 1, p. 8. Therefore, as can be seen, the information in the case report belies Johnston's claim that he only admitted to touching the victim's vagina. Even if Johnston had not admitted to putting his mouth on the victim's vagina, there were other ways in which that fact could have been established at trial, including the victim's testimony.

{¶ 37} It is well established that placing one's mouth on a female's vagina is sufficient to constitute the act of cunnilingus. *State v. Bailey*, 78 Ohio App.3d 394, 395, 604 N.E.2d 1366 (1st Dist.1992). *Accord State v. Wilson*, 2d Dist. Montgomery Nos. 16728, 16752, 1998 WL 639100, *3-4 (Aug. 7, 1998). Cunnilingus is considered "sexual conduct" under R.C. 2907.01(A). Therefore, Johnston's claim that there was no proof that he engaged in "sexual conduct" with the victim lacks merit.

{¶ 38} Under these circumstances, the fact that Johnston's trial counsel did not approach Johnston with the defense that he did not engage in "sexual conduct" with the victim did not fall below an objective standard of reasonable representation. Johnston's trial counsel was undoubtedly aware of Johnston's admission to law enforcement and the victim's allegations and likely realized that the victim's testimony alone would be sufficient to prove the "sexual conduct" element of rape. We cannot say that Johnston's trial counsel performed deficiently by allowing Johnston to plead guilty without informing him of this implausible defense. Instead, Johnston's trial counsel negotiated a favorable plea agreement whereby the State agreed to dismiss the specification that the victim was under ten years of age, thus preventing Johnston from receiving a 15-year-to-life prison sentence. *See* R.C. 2971.03(B)(1)(b). By doing so, trial counsel reduced Johnston's mandatory prison time to ten years. Trial counsel's performance was therefore not

deficient, meaning Johnston's second ineffective assistance claim also lacks merit.

**{¶ 39}** Johnston's third assignment of error is overruled.

## Conclusion

**{¶ 40}** Having overruled all the assignments of error raised by Johnston, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., concurs.

FROELICH, J., concurs:

**{¶ 41}** Steven Johnston was indicted on one count of rape of a child less than 13 years of age, with a specification that the child was less than 10 years of age at the time of the offense.   Johnston agreed to enter a guilty plea to the charged offense.   According to the plea form, in exchange for the plea, the State agreed to (1) withdraw the specification, and (2) "jointly recommend[ ] a ten-year prison sentence for Mr. Johnston." The plea form indicated that, *without the agreed sentence*, Johnston faced a potential sentence of "10 years – life."   The form further stated: "I understand the MAXIMUM penalty COULD be: a maximum basic prison term of <u>life prison</u> years/months of which <u>10 yrs</u> is mandatory, during which I am not eligible for judicial release. * * *" The terms "life prison" and "10 yrs" were handwritten.

**{¶ 42}** The plea form unambiguously stated that the State agreed to a joint recommendation of a definite prison sentence of 10 years.   Such a *definite* sentence would be unlawful, since R.C. 2971.03(B)(1) specifically requires the trial court to "impose

upon the person an *indefinite* prison term." (Emphasis added.) The relevant indefinite prison term was "a minimum term of ten years and maximum term of life imprisonment." R.C. 2971.03(B)(1)(a).

{¶ 43} When the plea hearing began, defense counsel informed the court that "the joint recommendation would be in exchange for my client's guilty plea to the felony one rape charge, uh, the State will remove the specification and the joint agreement of a ten year prison sentence, Your Honor." Defense counsel's statement was consistent with the plea form. The prosecutor responded, however, "That is correct, Your Honor, except I believe the sentence will be ten years to life." The court replied, "That'll be correct."

{¶ 44} The court then conducted a plea colloquy, during which it told Johnston that, "because of the specific code section involved[,] the penalty in this case would be a sentence of not less than ten years to, a minimum of not less than ten years to a maximum of life imprisonment" and a $20,000 fine. The trial court subsequently asked Johnston if he had a chance to "go over" the plea form with his attorney and whether he understood it and voluntarily signed it. Johnston responded "yes" to those questions. The court's advisement and questions about the plea form arguably could have led Johnston to understand that his sentence could be, as stated on the plea form, not less than ten years nor more than life in prison, but that a *definite* sentence was permissible. Specifically, Johnston could have reasonably believed that he *could* receive a definite sentence of ten years or possibly more than ten years, but still less than the possible maximum sentence of life in prison, which the plea form said "could be" (i.e., not required to be) imposed.

{¶ 45} The court did not address the apparent discrepancy between the jointly-recommended sentence and the statutorily-required indefinite sentence, nor did it

expressly state that it could not impose a definite 10-year sentence. On the other hand, the court agreed with the prosecutor's statement that the sentence would be "ten years to life," and the court gave no indication at the plea hearing that it would impose a definite 10-year sentence, as the parties had, on paper, agreed to recommend. At sentencing, the court imposed a sentence of "10 years to life."

{¶ 46} Although the discrepancy between the jointly-recommended definite sentence, the colloquy's and the form's wording, and the indefinite sentence imposed is troubling, I agree that Johnston's lack of a direct appeal and the substantial delay (with consequential prejudice to the State) in filing a motion to withdraw his plea requires an affirmance.

Copies sent to:

Paul M. Watkins
Steven H. Eckstein
Hon. Jeannine N. Pratt